1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6    OREGON MUTUAL INSURANCE
     COMPANY,

7                          Plaintiff,
           v.

8    SHARON REED,                                    C17-1814 TSZ

9                          Intervenor,
           and

10

11   INTERNATIONAL LUCKY
     BUFFET, INC.,

12                         Defendant.

13   SHARON REED,

14                         Plaintiff,                C21-1187 TSZ
           v.

15
     OREGON MUTUAL INSURANCE           ORDER
16   COMPANY,

17                         Defendant.

18        THIS MATTER comes before the Court on a motion to intervene and vacate

19   default judgment brought in Case No. C17-1814, docket no. 25, by Sharon Reed, and a

20   motion for summary judgment brought in Case No. C21-1187, docket no. 11, by Oregon

21   Mutual Insurance Company ("Oregon Mutual").  Having reviewed all papers filed in

22   support of, and in opposition to, each motion, the Court enters the following order.

23

ORDER - 1

1    **Discussion**

2    **A.      Motion to Intervene and Vacate Default Judgment**

3          Sharon Reed was injured on September 24, 2014, while a patron at the now

4    defunct International Lucky Buffet restaurant, which was operated by International

5    Lucky Buffet, Inc. ("ILBI").  *See* Findings of Fact and Conclusions of Law ("FF&CL"),

6    Ex. 2 to Twersky Decl. (C17-1814, docket no. 26 at 14–19).  After a bench trial,

7    judgment was entered on March 14, 2019, in favor of Reed and against ILBI, in the

8    amount of $175,000, with interest accruing at the rate of 7.25% per annum.  FF&CL at 6,

9    ¶ 6 (C17-1814, docket no. 26 at 19); Judgment (C17-1814, docket no. 26 at 12-13).  At a

10   public auction conducted on August 21, 2019, Reed acquired ILBI's rights under Policy

11   No. BSP 714850, which was issued by Oregon Mutual and which was in effect from

12   August 24, 2014, until August 24, 2015.  *See* Ex. 9 to Twersky Decl. (C17-1814, docket

13   no. 26 at 52–57).

14         Oregon Mutual, however, had obtained, on June 28, 2018, default judgment

15   against ILBI, declaring that Oregon Mutual had no duty to defend ILBI with respect to

16   the suit brought by Reed in Snohomish County Superior Court and had no duty to

17   indemnify ILBI under Policy No. BSP 714850.  Order (C17-1814, docket no. 20).  To

18   obtain default judgment, Oregon Mutual represented to the Court, under oath, that it did

19   not have valid contact information for ILBI's registered agent, Liang Bin Lin.  *See* Supp.

20   Br. at 2 (C17-1814, docket no. 16); Davenport Decl. at ¶¶ 3–5 (C17-1814, docket no. 17);

21   Anderson Decl. at ¶¶ 2–3 (C17-1814, docket no. 18); Davenport Decl. at ¶¶ 3–6

22   (C17-1814, docket no. 19).  Thus, before securing default judgment, Oregon Mutual

23

ORDER - 2

1   never effected service on ILBI's registered agent, relying instead on having provided

2   certain "legal documents" to the Washington Secretary of State pursuant to

3   RCW 23B.18.040 and/or RCW 23.95.450.  *See* Letter (C17-1814, docket no. 5).

4          After default judgment was entered, Oregon Mutual disclosed that its earlier

5   statements were false and that Liang Bin Lin's then-current mailing address had been

6   provided in his deposition in February 2018, a transcript of which had been reviewed by

7   Oregon Mutual before it moved for default judgment.  *See* Status Report at 2 (C17-1814,

8   docket no. 21); Anderson Decl. at ¶¶ 2–3 (C17-1814, docket no. 23); *see also* Ex. 7 to

9   Twersky Decl. (docket no. 26 at 41–46).  Citing this misrepresentation by Oregon

10  Mutual, Reed now seeks to intervene and vacate the default judgment against ILBI.

11         Reed's motion, docket no. 25 in C17-1814, has merit.  Reed was a proper and

12  arguably necessary party to the declaratory judgment action commenced by Oregon

13  Mutual against ILBI.  *See* *Trinity Universal Ins. Co. v. Willrich*, 13 Wn.2d 263, 271, 124

14  P.2d 950 (1942) ("Whenever the question has arisen, . . . it has been held that third party

15  damage claimants . . . are proper, and in some case even necessary, parties to the

16  declaratory action."); *see also* *Colony Ins. Co. v. Vantaggio Farming Corp.*,

17  No. 1:17-cv-714, 2017 WL 3478998, at *4 (E.D. Cal. Aug. 14, 2017) ("The majority of

18  courts have held under Rule 19(a) that an injured party 'generally is a necessary party in

19  a declaratory judgment action brought to determine the insurance coverage for the

20  claim.'").  Oregon Mutual, however, failed to join Reed in the declaratory judgment

21  action, and Reed will now be permitted to intervene.  *See* Fed. R. Civ. P. 19(a) & 24.

22

23

ORDER - 3

1    Oregon Mutual was not entitled to rely, for purposes of obtaining default judgment

2  against ILBI, on service made by leaving documents with the Washington Secretary of

3  State.  The Secretary of State is deemed an agent of a business entity only if service

4  cannot be made in one of the three ways specified in RCW 23.95.450, which include

5  serving the registered agent.  <u>See</u> RCW 23.95.450(1)–(4).  Because ILBI's registered

6  agent could have been, but was not served, before entry of default judgment, the

7  Judgment entered June 28, 2018, docket no. 20 in C17-1814, must be vacated.  <u>See</u> Fed.

8  R. Civ. P. 60(b)&(d).[1]  The Court further notes that such judgment was not, in any event,

9  binding on Reed in her own capacity.  <u>See</u> <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d

10 1183, 1189 (9th Cir. 2009) ("A default entered against an insured policyholder . . . should

11 not prevent an injured third party . . . from proceeding on its own behalf.").

12 **B.      <u>Motion for Summary Judgment</u>**

13   Reed, as owner of ILBI's rights in the insurance policy at issue, separately sues

14 Oregon Mutual for breach of contract, bad faith, violation of Washington's Insurance Fair

15 Conduct Act, and violation of Washington's Consumer Protection Act.  <u>See</u> Complaint

16 (C21-1187, docket no. 1-2).  Oregon Mutual has moved for summary judgment as to all

17 claims, arguing that an injured person like Reed cannot sue the tortfeasor's insurer

18 directly and that Reed's claims are barred by res judicata or collateral estoppel or by

19

20 [1] Contrary to Oregon Mutual's assertion, Reed's motion to intervene and vacate default judgment was "timely" under Rule 24 and made within a "reasonable time," as required by Rule 60(c)(1), in that it was
21 filed almost contemporaneously with Reed's response to Oregon Mutual's motion for summary judgment in Case No. C21-1187.  In light of the Court's rulings, Reed's request, docket no. 30, to strike Oregon Mutual's response, docket no. 28, to her motion to intervene and vacate default judgment, based on over-
22 length, is STRICKEN as moot.

23

ORDER - 4

1  ILBI's failure to assert them as compulsory counterclaims.  Oregon Mutual's contentions

2  lack merit.  Reed may directly sue Oregon Mutual because she acquired ILBI's rights in

3  Policy No. BSP 714850 by successfully bidding for them at a public auction conducted

4  by the Snohomish County Sheriff.  Reed, standing in ILBI's shoes, faces no res judicata,

5  collateral estoppel, or compulsory counterclaim preclusions because Oregon Mutual

6  failed to properly serve IBLI in the declaratory judgment action and the related Judgment

7  is void.

8  **Conclusion**

9        For the foregoing reasons, the Court ORDERS:

10       (1)    Reed's motion, docket no. 25 in C17-1814, is GRANTED as follows:  Reed

11  is permitted to intervene in Case No. C17-1814, and the Judgment entered June 28, 2018,

12  docket no. 20 in C17-1814, is hereby VACATED.

13       (2)    The Clerk is DIRECTED to reopen Case No. C17-1814 TSZ.

14       (3)    Oregon Mutual's motion for summary judgment, docket no. 11 in C21-

15  1187, is DENIED.

16       (4)    The parties are DIRECTED to show cause within fourteen (14) days why

17  Case Nos. C17-1814 and C21-1187 should not be consolidated into the lower-numbered

18  matter, with a trial date in February 2023, as proposed in the Joint Status Report filed

19  January 11, 2022 (C21-1187, docket no. 19).

20       (5)    The Clerk is further DIRECTED to send a copy of this Order to all counsel

21  of record.

22

23

ORDER - 5

1   IT IS SO ORDERED.

2   Dated this 19th day of January, 2022.

3

4   _____

5   Thomas S. Zilly
    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 6