UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY,<br><br>                Plaintiff,<br>   v.<br>SHARON REED,<br>                Intervenor,<br>   and<br>INTERNATIONAL LUCKY BUFFET, INC.,<br>                Defendant. | C17-1814 TSZ<br>consolidated with C21-1187 TSZ<br><br>ORDER |
| SHARON REED,<br><br>                Plaintiff,<br>   v.<br>OREGON MUTUAL INSURANCE COMPANY,<br>                Defendant. | |

THIS MATTER comes before the Court on a motion to compel, docket no. 38, brought by Sharon Reed, who is an intervenor in the litigation between Oregon Mutual Insurance Company ("Oregon Mutual") and International Lucky Buffet, Inc. ("ILBI"), as well as the plaintiff in a related, now-consolidated, suit against Oregon Mutual. Reed's motion to compel concerns materials currently in the possession of Wathen | Leid | Hall | Rider, P.C., formerly known as Cole Wathen Leid & Hall, P.C. (the "Wathen

ORDER - 1

1  Firm"), which had appeared as counsel of record for ILBI in <u>Sharon Reed v. International</u>
2  <u>Lucky Buffet, Inc.</u>, Snohomish County Superior Court Case No. 17-2-06140-31 (the
3  "<u>Reed</u> Suit").  Having reviewed all papers filed in support of, and in opposition to, the
4  motion, the Court enters the following Order.
5  **<u>Background</u>**
6    Sharon Reed was injured on September 24, 2014, while a patron at International
7  Lucky Buffet a/k/a Hong Kong Restaurant, which had been operated by ILBI.  <u>See</u> Order
8  at 2 (docket no. 32); <u>see also</u> Compl. at ¶ 5 (docket no. 1).  On December 1, 2016, ILBI
9  was administratively dissolved by the Washington Secretary of State as a result of its
10  failure to timely file a required report.  <u>See</u> Ex. 10 to Twersky Decl. (docket no. 39-10).
11  On September 14, 2017, the Wathen Firm appeared on behalf of ILBI in the <u>Reed</u> Suit.
12  Ex. 2 to Twersky Decl. (docket no. 39-2).  On February 20, 2018, an attorney with the
13  Wathen Firm (Jeremy L. Muth) defended the telephonic deposition of Liang Bin Lin,
14  who had been the registered agent, incorporator, and sole proprietor of ILBI.  <u>See</u> Exs. 1
15  & 3 to Twersky Decl. (docket nos. 44-1 & 44-3 at 30); Leid Decl. at ¶ 3 & Ex. C (docket
16  nos. 41 & 41-1 at 10).[1]  During this deposition, Lin provided his then-current mailing
17
18  ───────────────
19  [1] Reed's motion, docket no. 43, to strike Paragraph 3 of Leid's declaration, which describes
    instructions given by Liang Bin Lin, is DENIED.  Lin's out-of-court statements are not offered
20  to prove the truth of the matter asserted, but rather to explain why the Wathen Firm has refused
    to produce materials in response to the subpoena duces tecum at issue.  <u>See</u> Fed. R. Evid. 801(c).
    Reed's motion, docket no. 43, to strike certain portions of the Wathen Firm's response, docket
21  no. 40, is also DENIED.  To the extent the response is unsupported by or inconsistent with the
    facts, the evidence in the record controls, but the Wathen Firm is entitled to suggest to the Court
22  the inferences to be drawn from, and/or the legal conclusions to be based upon, such materials.
23

ORDER - 2

1  address in China.  See Order at 3 (docket no. 32).  Before late May 2018, Oregon Mutual
2  received and reviewed a transcript of Lin's deposition.  See Anderson Decl. at ¶¶ 2–4
3  (docket no. 23).

4        Oregon Mutual, however, later misrepresented to the Court that it lacked valid
5  contact information for Lin, and as a result, on June 28, 2018, the Court entered default
6  judgment against ILBI, indicating *inter alia* that Oregon Mutual had no duty to defend
7  ILBI in the Reed Suit.  See Order (docket no. 20) (vacated Jan. 20, 2022).  In light of this
8  ruling, on October 15, 2018, the Wathen Firm filed a notice of intent to withdraw as
9  counsel of record for ILBI in the Reed Suit.  See Ex. 3 to Twersky Decl. (docket
10 no. 39-3).  On October 30, 2018, the Snohomish County Superior Court directed the
11 Wathen Firm to provide Lin's then-current address and telephone number to Reed's
12 attorney.  Ex. 5 to Twersky Decl. (docket no. 39-5).  Reed later obtained judgment
13 against ILBI, see Ex. 6 to Twersky Decl. (docket no. 39-6), as well as a writ of execution
14 on intangible property, including (i) ILBI's rights under Policy No. BSP 714850, which
15 was issued by Oregon Mutual, (ii) ILBI's claims against Oregon Mutual, and (iii) ILBI's
16 rights to the Wathen Firm's file relating to the Reed Suit, see Ex. 7 to Twersky Decl.
17 (docket no. 39-7).

18       Oregon Mutual has reserved the right to deny coverage under the policy at issue
19 on grounds that ILBI failed to notify it of the Reed Suit and failed to provide information
20 to or cooperate with Oregon Mutual as required by the insurance contract.  See Ex. C to
21 Anderson Decl. (docket no. 13).  According to Oregon Mutual, it mailed letters to ILBI
22 on August 25, 2015, September 16, 2016, and November 29, 2017, addressed to locations
23

ORDER - 3

in Everett, Washington, none of which were returned or were otherwise undeliverable, but it received no response from ILBI or Lin. See Anderson Decl. at ¶¶ 3–6, 9–10, & 12 and Exs. A–C (docket no. 13). The Wathen Firm, however, was in contact with Lin, see id. at ¶ 13, and on January 24, 2018, the Wathen Firm informed Oregon Mutual that Lin was not present at the time of the incident at issue, has no first-hand knowledge about it, had moved to China in September 2016, and is "cooperative and willing to help in any capacity he can," see Ex. 4 to Twersky Decl. (docket no. 44-4 at 4).

By subpoena duces tecum dated March 29, 2022, Reed sought from the Wathen Firm the following materials, which Reed asserts are potentially relevant to Oregon Mutual's knowledge about Lin's whereabouts and to its lack-of-cooperation coverage defense:

1. The law firm of Wathen, Leid, Hall & Rider, P.C.'s . . . file in its representation of International Lucky Buffet, Inc. in the lawsuit filed against it by Sharon Reed (the rights to which were transferred to Sharon Reed by Writ of Execution . . .).

2. All records evidencing, relating to or concerning the law firm of Wathen, Leid, Hall & Rider, P.C.'s communications with, or attempted communications with International Lucky Buffet, Inc.

3. All records, including but not limited to telephone records of the law firm of Wathen, Leid, Hall & Rider, P.C.'s communications, and attempted communications with Liang Bin Lin.

4. All records, including but not limited to telephone records of the law firm of Wathen, Leid, Hall & Rider, P.C.'s communications, and attempted communications with Terrance Tan.

5. All records of the law firm of Wathen, Leid, Hall & Rider, P.C.'s communications, written or oral, with Oregon Mutual Insurance Company regarding International Lucky Buffet, Inc., Liang Bin Lin and/or Terrance Tan.

Ex. A to Subpoena, Ex. 11 to Twersky Decl. (docket no. 39-11 at 5).  By letter dated April 11, 2022, Rory W. Leid, III, one of the partners at the Wathen Firm, objected and asserted both the attorney-client and work-product privileges as grounds for withholding the requested items.  See Ex. 12 to Twersky Decl. (docket no. 39-12).  Reed now moves to compel the Wathen Firm to produce the contents of its file concerning the Reed Suit.

**Discussion**

The claim for declaratory relief that is asserted by Oregon Mutual against ILBI and Reed's claims against Oregon Mutual for breach of contract, insurance bad faith, violation of Washington's Insurance Fair Conduct Act, and violation of Washington's Consumer Protection Act are before the Court pursuant to its diversity jurisdiction, and thus, Washington law governs the substantive attorney-client privilege issues, but federal law controls as to procedural matters, including the work-product doctrine.  See MKB Constructors v. Am. Zurich Ins. Co., No. C13-611, 2014 WL 2526901 (W.D. Wash. May 27, 2014).

**A.      Attorney-Client Privilege**

Washington courts narrowly construe the attorney-client privilege; it "remains an exception to the general duty to disclose," and a party asserting the privilege bears the burden of establishing that otherwise discoverable information may be withheld on such basis.  See Newman v. Highland Sch. Dist. No. 203, 186 Wn.2d 769, 777, 381 P.3d 1188 (2016).  Not all communications between attorneys and clients are shielded from required disclosure when requested during discovery; rather, to be protected by the privilege, the conversation or correspondence must have been "made in confidence and in the context

ORDER - 5

of an attorney-client relationship." Id.  Moreover, the privilege does not extend to facts, even if transmitted in communications between a lawyer and a client. Id. at 778.  The privilege must be "strictly limited to the purpose for which it exists," namely to promote "full and frank" communications between attorneys and their clients, thereby enabling the provision of sound legal advice and/or advocacy. Id.

The Wathen Firm's blanket assertion of attorney-client privilege did not satisfy its obligations in responding to Reed's subpoena duces tecum.  Oregon Mutual was and is not the Wathen Firm's "client," and the requested communications between the Wathen Firm and Oregon Mutual are not protected by the attorney-client privilege.  With respect to communications between the Wathen Firm and Terrance Tan, no showing has been made that Tan, who was employed at the restaurant at the time of Reed's injury, qualifies as a "client" or that he discussed with the lawyers anything other than the facts related to Reed's fall, which are summarized in the Wathen Firm's January 2018 letter to Oregon Mutual.[2]  As to communications between the Wathen Firm and ILBI and/or Lin, much more than Lin's instruction "to keep confidential his entire case file," Leid Decl. at ¶ 3 (docket no. 41), is required to invoke the attorney-client privilege.  The Wathen Firm has offered no privilege log or explained how either correspondence in which Lin provided his then-current contact information or the Wathen Firm's own efforts to locate or reach

---

[2] According to Tan, a piece of mayonnaise fish dropped on the tile floor and, after removing the fish and cleaning the area, a server poured some salt to absorb any remaining oil, but did not place any warning signs; Reed later slipped on the salt and fell.  Ex. 4 to Twersky Decl. (docket no. 44-4).

ORDER - 6

1  Lin would be shielded from disclosure by the attorney-client privilege.[3]  The facts of the

2  Wathen Firm's communications with ILBI and Lin, as opposed to their content, are the

3  focus of the subpoena duces tecum at issue, and the Wathen Firm has shown no basis for

4  withholding records showing, for example, the dates of telephone calls or attempted calls

5  and the phone number or numbers involved.

6  **B.    Work-Product Doctrine**

7  In contrast to the attorney-client privilege, which belongs to solely the client, the

8  work-product doctrine affords protections that may be invoked by both the client and the

9  lawyer.  See In re JMP Newcor Int'l, Inc., 204 B.R. 963, 964 (Bankr. N.D. Ill. 1997)

10 (citing In re Special Sept. 1978 Grand Jury (II), 640 F.2d 49, 62 (7th Cir. 1980), and

11 Donovan v. Fitzsimmons, 90 F.R.D. 583, 587 (N.D. Ill. 1981)).  Thus, ILBI's dissolution

12 does not prevent the Wathen Firm from withholding materials on work-product grounds.

13 The Wathen Firm has not, however, taken the steps necessary to invoke work-product

14 protection.  See MKB Constructors, 2014 WL 2526901, at *10 (observing that

15 producing an adequate privilege log is one way of complying with Federal Rule of Civil

16 Procedure 26(b)(5), which requires descriptions of withheld items that "enable other

17 parties to assess the claim" of work product).  The Court will not treat the Wathen Firm's

18 failure to provide a privilege log as a waiver of the right to invoke the work-product

---

[3] The parties have raised an issue of first impression in Washington concerning whether the attorney-client privilege protects communications between insurance-defense counsel and a defunct corporation.  Given the absence of a privilege log or any showing that the requested materials contain statements made in confidence and in the context of legal representation, the Court need not further address this subject at this time.

ORDER - 7

doctrine, but will instead allow the Wathen Firm to supplement its response to the subpoena duces tecum, as indicated below.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Reed's motion to compel, docket no. 38, is DENIED in part and GRANTED in part, as follows:

    (a) Reed's request that the Wathen Firm be required to produce its entire file relating to the *Reed* Suit is DENIED;

    (b) The Wathen Firm is DIRECTED to provide to Reed's counsel, within thirty (30) days of the date of this Order, copies of the following materials:

        (i) All records indicating the date of any communications with ILBI, Lin, and/or Tan, and the mailing address, email address, and/or phone number used for such communication;

        (ii) All communications with ILBI, Lin, and/or Tan regarding the facts surrounding Reed's fall and injury, including attorney notes about such communications, but excluding any mental impressions, conclusions, opinions, or legal theories of the attorney;

        (iii) All communications with Oregon Mutual concerning (i) contact with, or efforts to contact, ILBI, Lin, and/or Tan, and (ii) facts surrounding Reed's fall and injury that were supplied by ILBI, Lin, and/or Tan; and

(iv) Any other materials that are not protected by the attorney-client privilege and/or the work-product doctrine and that are responsive to Paragraphs 2–5 of the subpoena duces tecum at issue; and

(c) Contemporaneously with the disclosures made pursuant to Paragraph 1(b), above, the Wathen Firm shall provide a privilege log identifying with particularity all items or portions of items withheld and describing with specificity the grounds for doing so.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 24th day of June, 2022.

_____
Thomas S. Zilly
United States District Judge

ORDER - 9